

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00222-CR

CHRISTIAN ANGEL ZUBIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2022I-141, Honorable Roland D. Saul, Presiding

March 27, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Christian Angel Zubia appealed his conviction for murder and sentence. His brief was originally due January 17, 2024, but we granted his retained counsel, Charles Blevins, an extension to February 16, 2024. Counsel filed no brief on behalf of appellant. By letter dated February 26, 2024, we admonished Blevins that the failure to file a brief by March 7 would result in the appeal being abated and the cause remanded to the trial court for further proceedings. In response, counsel filed a "Letter of Intent to Dismiss Appeal" on March 7, 2024 and represented therein that appellant intended to file a motion

to voluntarily dismiss the appeal. To date, however, we have received neither a motion to dismiss nor an appellant's brief.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1) whether appellant still desires to prosecute the appeal;

(2) whether appellant is indigent;

(3) why a timely appellate brief has not been filed on appellant's behalf;

(4) whether appellant's counsel has abandoned the appeal;

(5) whether appellant has been denied the effective assistance of counsel;

(6) whether new counsel should be appointed; and

(7) if appellant desires to continue the appeal, the date on which the appellant's brief will be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by April 26, 2024. If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should appellant's counsel file either a brief or a motion to voluntarily dismiss the appeal before April 12, 2024, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.